IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-00907-RBJ

DENIS PINEDA TIJERINO,

        Petitioner,

v.

JUAN BALTAZAR, GEORGE VALDEZ,[1]
KRISTI NOEM, TODD LYONS,
PAM BONDI,
in their official capacities,

        Respondents.

---

## ORDER

---

Before the Court is the petitioner's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), ECF No. 2. Among other relief, petitioner seeks an order granting his immediate release from custody.[2] ECF No. 1 at 16. For the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez has automatically been substituted as a party in his official capacity as Acting Director of the Denver Field Office, U.S. Immigration and Customs Enforcement.

[2] Pursuant to its inherent authority under the All Writs Act, 28 U.S.C. § 1651, this Court previously ordered that respondents shall not transfer petitioner away from the District of Colorado or remove him from the United States until the termination of this case. ECF No. 6. That Order remains in effect.

1

reasons set forth in this Order, the Court hereby GRANTS the petition.  Because the Motion seeks relief coextensive with this Order, the Motion is respectfully DENIED as moot.  *See, e.g.*, *Loa Caballero v. Baltazar*, 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).  The petitioner SHALL be released within 48 hours.

## I.    Background

Petitioner entered the United States on October 20, 2023, surrendering to U.S. immigration officials at a port-of-entry in Eagle Pass, Texas.  ECF No. 1 at ¶ 2.  He declared his intent to seek asylum from political persecution in his native Nicaragua. *Id.*  An Immigration Judge determined that he established a credible fear of persecution and torture, and thereafter he was released into the United States by U.S. Immigration and Customs Enforcement ("ICE") on an order of recognizance under 8 U.S.C. § 1226(a).  *Id.* at ¶¶ 39, 42.  He was given a Notice to Appear ("NTA") for full removal proceedings under 8 U.S.C. § 1229a.  ICE charged him as an inadmissible noncitizen "present in the United States without being admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i).  *Id.* at ¶ 41.

Petitioner has continued to live and work in the United States over the last two-and-a-half years without issue.  *Id.* at ¶ 43.  He has complied with the terms of his release order and immigration case.  *Id.*  Nevertheless, on January 20, 2026, petitioner was rearrested and detained during a routine check-in with ICE.  *Id.* at ¶

45. He has been detained at the Denver Contract Detention Facility in Aurora, Colorado ever since.

## II.    The Claims

Petitioner frames the issue in this case as whether respondents violated the Administrative Procedure Act ("APA"), his procedural due process rights under the Fifth Amendment of the U.S. Constitution, and ICE's own binding regulations when they re-detained him without a material change in circumstances. ECF No. 1 at ¶¶ 54–72; ECF No. 2 at 8–12.

The Court finds that the more appropriate way to resolve his habeas petition is to decide whether, as a noncitizen who entered the United States without inspection and has remained here, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). If it is the former, as respondents contend, petitioner's detention is statutorily mandated—and his procedural due process claims are much weaker. *See, e.g.*, *Gonzalez Aguilar v. Wolf*, 448 F.Supp.3d 1202, 1212 (D.N.M. 2020) (holding that "the applicable statutory process shapes [ ] procedural due-process rights" for habeas petitioner challenging mandatory immigration detention). If the latter provision controls, than petitioner's detention is discretionary, and he is entitled to a bond hearing at a minimum. Although petitioner does not specifically allege that ICE is detaining him in violation of his statutory rights under § 1226(a), this is the central issue underlying his habeas

3

petition. *See generally Granberry v. Greer*, 481 U.S. 129, 130 (1987) (courts may exercise their discretion to address dispositive issues in habeas proceedings where doing so serves the interests of justice).

Importantly, respondents agree that the question of which statute governs petitioner's detention is dispositive and squarely address it in their response. *See, e.g.*, *Selph v. Stephenson*, Civ. No. 22-240 JCH/KK, 2025 WL 250604, at *7 (D.N.M. Sept. 2, 2025) (issue is deemed properly raised in habeas petition where state addresses it on the merits). In their brief, respondents concede that this case "is not materially different" from the others that this Court has decided raising the same statutory issue. ECF No. 8 at 2 (citing this Court's decision in *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ, ECF No. 21 (D. Colo. Oct. 31, 2025)). At the same time, respondents do not address petitioner's claims arising under the APA and the U.S. Constitution.

### III.    Analysis

Turning now to the merits, the Court has concluded many times over that § 1226—and not § 1225(b)(2)(A)—governs detention for noncitizens who, like petitioner, have been charged as being present in the country without admission or parole, have lived here for more than two years, and are not subject to expedited removal. *See, e.g.*, *Cervantes Arredondo*, 25-cv-03040-RBJ, ECF No. 21; *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ, ECF No. 19 (D. Colo. Dec. 22, 2025);

4

*Ugarte Hernandez v. Baltazar*, 25-cv-04066-RBJ, ECF No. 16 (D. Colo. Jan 15, 2026).

Most recently, the Court set forth its complete analysis in *Ugarte Hernandez*, and now incorporates the reasoning in that Order and adopts it in full. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case). The Court has read the Fifth Circuit's recent split decision adopting respondents' interpretation of the relevant statutory provisions, but remains unpersuaded. *See Buenrostro v. Bondi*, ---F.4th---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Instead, the Court respectfully agrees with the dissenting judge that the majority's reading of § 1225(b)(2)(A) is inconsistent with "the statutory definition of 'admission,' the provision's context, the Supreme Court's understanding of the statutory scheme, and the whole history of American immigration law." *Id.* at *11 (Douglas, J., dissenting). In any case, as respondents recognize, "until the Tenth Circuit rules on this issue," the Court's prior ruling on this issue dictates reaching the same result here. ECF No. 12 at 3.

Because petitioner prevails on the statutory question, the Court does not address his APA or 5th Amendment claims regarding the revocation of his release.

## IV.    Remedy

In prior decisions, this Court has ordered that the noncitizen should receive a prompt bond hearing before an Immigration Judge.  *See, e.g.*, *Vences Nuñez v. Baltazar*, 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026); *Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same)*.*  However, under the circumstances presented in this case, immediate release is warranted.

Unlike a case where the noncitizen has never encountered immigration authorities before their arrest and detention, this petitioner was previously released on his own recognizance.  *See* ECF No. 1 at ¶ 42.  Respondents do not dispute that petitioner fully complied with the terms of his supervised release for more than two years before he was suddenly rearrested and detained by ICE two months ago.  Nor do respondents claim that there has been any change in the posture of his immigration case.

Petitioner's release on his own recognizance in 2023 was a determination by ICE that he does not represent a danger to the community or a flight risk.  *Singh v. Baltazar*, ---F.Supp.3d----, No. 1:26-cv-00336-CNS, 2026 WL 352870, at * 3 (D. Colo. Feb. 9, 2026).  ICE's decision to rearrest him and detain in 2026 does not reflect a change in that assessment—nor could it, as nothing material has changed.  Instead, ICE revoked his release pursuant to its unlawful policy of treating all

6

noncitizens present in the country without lawful admission as subject to mandatory detention under § 1225.  *See Lopez Benitez*, 795 F.Supp.3d at 482; *Rodriguez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Wash. 2025) (describing the federal government's adoption of this new policy).  Ordering a bond hearing would not restore petitioner to the status quo *ex ante*.  Rather, it would leave him worse off as he would face the prospect of continued detention or release under more onerous conditions than before.

Under these circumstances, the appropriate remedy is restortation of petitioner's release on his own recognizance.  *See, e.g.*, *Kumar v Baltazar*, No. 26-cv-00254-RMR, 2026 WL 642888, at *3 (D. Colo. Mar. 6, 2026); *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025); *Lopez Benitez*, 795 F.Supp.3d at 498.  ICE may impose the same conditions on that release but no additional or modified conditions or bond.

Lastly, petitioner alleges that when he was detained at the check-in, ICE took possession of his car and legal documents, and he does not know what happened to them.  ECF No. 1 at ¶ 3.  To the extent ICE is still in custody of these items, ICE is directed to return petitioner's car and legal documents to him upon release.

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED.  Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.

7

2.  Upon release, respondents SHALL return petitioner's car and legal documents that he had at the time of his January 20, 2026 arrest.

3.  Respondents SHALL NOT impose additional release conditions other than those that petitioner was subject to prior to his rearrest.

4.  The government SHALL NOT continue to detain the petitioner under 8 C.F.R. § 1003.19(i)(2), on the grounds that it is administratively appealing petitioner's eligibility for release under 8 U.S.C. § 1226(a).

5.  The parties SHALL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release and whether his beloingings have been returned to him.

6.  Respondents SHALL NOT transfer petitioner outside the District of Colorado or remove him from the United States pending resolution of this case.

It is SO ORDERED.[3]

Dated: March 24, 2026                    BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

---

[3] To the extent petitioner seeks attorneys' fees, *see* ECF No. 1 at 16, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.